IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
NORTHERN DIVISION

MARCELLA MESSER, *et al.*, )
)
Plaintiffs, )
v. ) CASE NO. 2:05-cv-220-F
) WO
THE TOWN OF RED LEVEL, *et al.,* )
)
Defendants. )

**MEMORANDUM OPINION AND ORDER**

This cause is now before the court on the motion to remand filed by the plaintiffs. (Doc. # 4). Defendants oppose the motion to remand on the basis that federal question jurisdiction exists and contend that this court should retain subject matter jurisdiction over the case. (Docs. # 5 & 7). For the reasons to be discussed, the court finds that the motion to remand is due to be GRANTED.

**I. FACTUAL BACKGROUND**

On February 2, 2005, this action was commenced by the plaintiffs Marcella and Carl Messer (hereinafter "Mrs. Messer" and "Mr. Messer" or collectively "Plaintiffs") against the defendants the Town of Red Level, Michael Purnell, Jerry Parker and unknown fictitious defendants (hereinafter "Defendants") in the Circuit Court of Covington County, Alabama. (Doc. # 1, Compl.). In their complaint, Plaintiffs allege the following facts.

On October 26, 1992, Mrs. Messer was hired to fill the position of Town Clerk by Defendant Town of Red Level. (Compl. at ¶ 12). In November 2000, Mr. Messer was hired by the Defendant Town of Red Level to fill the position of Water Operator. (*Id*. at ¶ 55). On

or about October 4, 2004, at a meeting allegedly held in violation of Alabama's Sunshine Law, Defendants terminated Mr. and Mrs. Messer. (*Id*. at ¶ 14). As a result, Plaintiffs bring the following claims against Defendants: (1) retaliatory discharge on behalf of Mrs. Messer;[1] (2) breach of contract;[2] (3) violation of due process on behalf of Mrs. Messer;[3] (4) negligence or wantonness;[4] (5) conversion;[5] (6) slander;[6] (7) monies owed;[7] (8) retaliatory discharge on

[1] Mrs. Messer alleges that she was terminated in retaliation for complaints she made regarding police misconduct, misappropriation of funds, tainted records, illegal meetings, harassment and slander. (*Id*. at ¶ 14).

[2] According to the Complaint, on November 26, 2001, Mrs. Messer and Defendant Town of Red Level entered into a contract. (*Id*. at ¶ 18).

[3] On October 21, 2003, during the employment period at issue, Defendants adopted and approved Resolution Number 2001-7A (hereinafter "Resolution"), amending Defendant Town of Red Level's Due Process Procedures. (*Id*. at ¶ 24). Under this Resolution, prior to being suspended or terminated, employees– including employees in appointed positions such as Town Clerk– are entitled to a pre-disciplinary due process hearing. (*Id*. at ¶¶ 25 & 26). Mrs. Messer claims that her termination was in violation of the due process afforded to her by the Resolution, as well as Sections 11-43-160 and 11-43-81 of the Code of Alabama, 1975. (*Id*. at ¶ 27).

[4] Mrs. Messer alleges that she complied with all the duties and conditions assigned to her as Town Clerk of the Town of Red Level and thus "was negligently, wantonly and/or unskillfully terminated." (*Id*. at ¶¶ 32 & 33).

[5] Mrs. Messer asserts that she is owed her salary for her last week of employment, as well as three weeks of accumulated vacation pay, and thirty-five months of magistrate pay. (*Id*. at ¶ 38). She alleges that "Defendants converted these specific monies for their own use and benefit by exercising dominion and control over [the] monies." (*Id*. at ¶ 39).

[6] Plaintiffs allege that Defendant Jerry Parker made false statements against them regarding their alleged embezzlement and misappropriation of town funds. (*Id*. at ¶¶ 42 & 43).

[7] Plaintiffs allege that Mrs. Messer never received money owed to her for her last week's pay, as well as three weeks of accumulated vacation pay, and thirty-five months of magistrate pay. (*Id*. at ¶ 51).

behalf of Mr. Messer;[8] (9) breach of contract;[9] (10) violation of due process on behalf of Mr. Messer;[10] (11) negligence or wantonness;[11] (12) conversion;[12] and (13) monies owed.[13] Plaintiffs claim that they have suffered damages as a result of Defendants' actions and seek the following relief from Defendants: compensatory and punitive damages, attorneys' fees, and court costs. (*Id.*).

On March 7, 2005, Defendants removed the action to this court pursuant to 28 U.S.C. § 1331 (federal question) (Doc. # 1, Notice of Removal), and filed an Answer (Doc. # 2). In their Notice of Removal, Defendants argue that "[w]hile the plaintiffs do not specifically cite 42 U.S.C. § [19]83 or the Fourteenth Amendment to the U.S. Constitution, the plaintiffs clearly allege claims arising under 42 U.S.C. § [19]83 and the Fourteenth Amendment to the

---

[8] Plaintiffs allege that Mr. Messer was wrongfully discharged in retaliation for a complaint by "Plaintiff." (*Id.* at ¶ 57).

[9] According to the Complaint, on November 26, 2001, Mr. Messer and Defendant Town of Red Level entered into a contract. (*Id.* at ¶ 61).

[10] Mr. Messer claims that his termination was in violation of the due process afforded to him by the Resolution, as well as Sections 11-43-160 and 11-43-81 of the Code of Alabama, 1975. (*Id.* at ¶ 69).

[11] Mr. Messer alleges that he complied with all the duties and conditions assigned to him as Water Operator of the Town of Red Level and thus "was negligently, wantonly and/or unskillfully terminated." (*Id.* at ¶¶ 73 & 74).

[12] Mr. Messer asserts that he never received his last week of pay, as well as one week of accumulated vacation pay and $7,634.79 in overtime pay. (*Id.* at ¶ 80). He alleges that "Defendants converted these specific monies for their own use and benefit by exercising dominion and control over [the] monies." (*Id.* at ¶ 81).

[13] Plaintiffs allege that Mr. Messer never received money owed to him for his last week of pay, as well as one week of accumulated vacation pay and $7,634.79 in overtime pay. (*Id.* at ¶ 85).

U.S. Constitution." (Doc. # 1). Defendants base this argument on Claims Three and Ten of the Complaint, which assert that Plaintiffs' discharges were "in violation of [their] due process rights." (*Id*. at ¶ 4).

On March 29, 2005, Plaintiffs filed a Motion to Remand arguing that this court does not have subject matter jurisdiction because all of the claims in the Complaint are state law claims and no federal question exists. (Doc. # 4). Defendants responded to Plaintiff's motion arguing that a federal question is involved in this case and that removal was proper. (Docs. # 5 & 7).

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III. DISCUSSION

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has

the burden of establishing that this court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Defendants argue that removal was proper because the court has federal question jurisdiction. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treatises of the United States. *See* 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

> There are, however, exceptions to this well-pleaded complaint rule. One exception to the well-pleaded complaint rule is that a plaintiff cannot avoid federal jurisdiction by 'omitting to plead necessary federal questions in a complaint.'

*Bishop v. Ala. Dep't of Envtl. Mgmt.*, 108 F. Supp. 2d 1323, 1325 (M.D. Ala. 2000) (quoting *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983)).

In *Franchise Tax Board*, the Supreme Court stated that although a plaintiff's cause of action is created by state law, the "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." 463 U.S. at 13. In other words, "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Id*.

In this case, the basis for jurisdiction asserted by Defendants is that Plaintiffs have brought a claim under the Fourteenth Amendment to the United States Constitution. Plaintiffs state in response that they do not bring such a claim in their Complaint and argue that their due process claims are based upon state law–namely, violation of the Town's Resolution and Sections 11-43-160 and 11-43-81 of the Code of Alabama, 1975. (*See* Compl.). The court agrees with Plaintiffs' argument.

"Simply because the Plaintiffs could have asserted a federal claim, but chose not to, does not give this court federal question jurisdiction, as long as federal law is not essential to the state law claim which is advanced." *Bishop*, 108 F. Supp. 2d at 1325 (citation omitted). On the face of the Complaint, there is no claim asserted under 42 U.S.C. § 1983 nor the Fourteenth Amendment to the United States Constitution. Indeed, the only language which feebly supports Defendants' position is the mention of "due process' in Claims Three and Ten of the Complaint. The mere mention of this general federal issue however does not invoke federal question jurisdiction. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). In their Complaint, Plaintiffs generally refer to their rights to due process as afforded to them under state law, not federal law, thus no substantial question of federal law must be answered to determine their claims. *See generally Diaz v. Sheppard*, 85 F.3d 1502 (11th Cir. 1996) (holding that district court had no federal jurisdiction to hear malpractice, negligence and breach of contract case arising under

Florida law despite mention of Eighth Amendment in complaint). Accordingly, federal jurisdiction is lacking and this case is due to be remanded.[14]

## IV. CONCLUSION

For the reasons discussed above, this court lacks jurisdiction to hear this case. Accordingly, it is hereby ORDERED that Plaintiff's Motion to Remand (Doc. # 4) is GRANTED and this cause is hereby REMANDED to the Circuit Court of Covington County, Alabama.

The Clerk is DIRECTED to take the appropriate steps to effect the remand.

DONE this 5th day of May, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

[14] The court remains mindful that "[i]t is the burden of the removing party to establish that jurisdiction is proper in this court." *Bishop*, 108 F. Supp. 2d at 1329. Defendants simply have not discharged this burden. Given the Eleventh Circuit's strong policy of favoring remand where there is a doubt as to the existence of federal jurisdiction, *see Burns*, *supra*, the court concludes that the motion to remand is due to be granted.